### BOB TEAR v. THE STATE.

No. 715.   Decided October 26, 1910.

**Local Option—Agency—Charge of Court—Practice in Misdemeanor Trial.**

Where, upon trial of a violation of the local option law, the evidence showed that there was a question as to whether defendant acted as agent of a third party in selling the whisky or whether he did so on his own account, and the defendant excepted to the court's charge submitting this issue but requested no special charge thereon, the same could not be reviewed on appeal

Appeal from the County Court of Johnson.   Tried below before the Hon. J. B. Haynes.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $50 and thirty days confinement in the county jail. The opinion states the case.

*J. O. Lockett,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of violating the local option law and prosecutes this appeal. The evidence discloses that the witness Tutt came to the town of Cleburne and met appellant; that a conversation between them resulted in Tutt's asking

the appellant to get him some whisky, to which appellant agreed; that Tutt gave him a ten dollar bill with which to pay for the whisky; that appellant was absent from Tutt awhile, returning with a pint of whisky, for which he had paid seventy-five cents; that he gave the whisky and $9.25 to Tutt, requesting Tutt to give him a drink out of the bottle, which Tutt did. Tutt knew nothing further about the matter and was not aware of where appellant obtained the whisky. Appellant testified, as did Tutt, with reference to the matters about which they were cognizant, and further that he took the money from Tutt, went to Jim Harwell and bought a pint of whisky from Harwell, which he gave to Tutt; that Harwell changed the ten dollar bill and gave him $9.25, which he also returned to Tutt. Harwell was placed on the stand in rebuttal and testified that he did not sell or let appellant have any whisky, and that he might not admit it even if he had. On this state of case the court charged the jury that if they should believe from the evidence that defendant bought the whisky in question from the witness Harwell as an accommodation for Tutt, they should find him not guilty; but on the other hand, although they might believe from the evidence the whisky was bought from Harwell in such manner, yet if they should further believe from the evidence beyond a reasonable doubt that defendant was acting as agent of Harwell at the time he bought whisky from Harwell then they should find the defendant guilty. There was an exception reserved in the motion for new trial to that portion of the charge which authorized the jury to convict the defendant if he was acting as agent of Harwell at the time he bought the whisky from Harwell on the ground that there was no evidence tending to show there was any relation of agency between them, but that on the contrary the evidence showed there was no such connection. If it be conceded, under this state of case, there was no evidence to show an agency between Harwell and appellant, then is the question sufficiently presented for this court to revise? This is a misdemeanor, and the rule is that in order to take advantage of supposed errors in the charge of the court exception must be taken at the time to the charge given, and requested instructions sought, which being refused, an exception must also be reserved. In this case appellant did not ask special instructions and relied upon his exception urged in motion for new trial. We are of opinion that under this record appellant has not placed himself in such attitude that his question can be revised. He should have excepted to the charge of the court and asked special instructions in regard to the matter, in which case, had the court refused the special instructions and he had taken his exception, the matter would have been properly presented. We are of opinion that this error is not of that fundamental nature that requires this court to revise when set up for the first time in motion for new trial.

Believing, therefore, that this is not such radical or fundamental error as requires a revision of the matter, and appellant not having

brought himself within the rule in this character of case, we hold that the judgment ought to be affirmed, and it is accordingly so ordered.

*Affirmed.*